IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LARRY E. HAMBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-158-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER AWARDING ATTORNEY'S
## FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff Larry E. Hamby was the prevailing party in this appeal under the Social Security Act. He seeks an award of attorney's fees in the amount of $5,883.20 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). There is no objection to an award of attorneys' fees in general, but the Commissioner *does* contend that the amount sought by the Plaintiff is excessive. As set forth below, the Court finds that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 [Docket No. 22] should be granted to the extent of an award of $4,150.70 in attorneys' fees, but otherwise denied.

The Commissioner's specific objection to the request for attorney's fees is that the 29.9 hours claimed for preparing the Plaintiff's appellate brief is unreasonable because: (i) the medical record (which consisted of only 314 pages) was not extensive; and, (ii) the brief raised only one issue that was neither novel nor complex in seven substantive pages.

The Commissioner insists he is not encouraging the Court to establish any set "hours per page" rule but points out the contrast between approximately 4.25 hours per page claimed in this case and 1.1 hours per page found to be reasonable elsewhere in this circuit. *See, e. g., Farmer v. Astrue,* 2010 WL 4904801, at *3 (D. Kan. Nov. 24, 2010) ("The court tends to agree with Plaintiff in principal that 1.1 hours per page in general would not be an unreasonable time to spend writing a Social Security Brief."). The Plaintiff notes that arguments substantially similar to those raised by the Commissioner herein were rejected elsewhere, *see McMahon v. Astrue,* 617 F. Supp. 2d 869, 872 (D. Ariz. 2008) ("[T]he Court finds that the Commissioner's opinion as to the complexity, or lack thereof, of this case, as well as the fact that no brief was ultimately filed in this case, does not warrant a reduction in the hours claimed by Plaintiff's counsel."), and points out that 29.9 hours is fairly close to the 25.2 hours found reasonable for preparing a brief in a social security appeal arising in this district. *See Cameron v. Barnhart,* 47 Fed. Appx. 547, 551-52 (10th Cir. 2002) ("[T]he Commissioner's objection to 8 of the 25.2 hours spent on plaintiff's opening district court brief is without foundation . . . Plaintiff's request for 25.2 hours is well within the bounds of reasonable and necessary time spent on this activity.").

The Court declines to analyze the reasonableness of the time claimed for preparing the Plaintiff's appellate brief on an "hours per page" basis. Nevertheless, the Court *does* find that 29.9 hours is excessive for the opening brief filed herein by the Plaintiff. The only issue raised in the brief was the sufficiency of the ALJ's analysis of the Plaintiff's credibility as to pain, and although the Court *did* reverse the Commissioner's decision on

that basis *generally*, the main focus of the brief was on the Commissioner's treatment of the Plaintiff's smoking, which the Court did not find particularly helpful in evaluating the sufficiency of the ALJ's analysis of the Plaintiff's credibility as to pain.  The Court thus finds that the 29.9 hours claimed by the Plaintiff for preparing the appellate brief should be reduced to 20 hours, which the Court finds reasonable on the facts of this case.  This results in an EAJA award of $4,150.70 (22.9 overall hours at $175 per hour in 2010, and .80 overall hours at $179 per hour in 2011), and the Commissioner should be ordered to pay said amount to the Plaintiff as the prevailing party herein.  *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]").  *See also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys."), *cert. denied,* __ U.S. __ , 129 S. Ct. 486 (2008).

    Accordingly, IT IS HEREBY ORDERED that the Plaintiff's Motion and Brief in Support for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 22] is GRANTED to the extent that the Plaintiff is awarded attorney's fees under the EAJA as the prevailing party herein in the amount of $4,150.70, and the Commissioner is directed to pay said amount to the Plaintiff, but the motion is otherwise DENIED.  Further, IT IS ORDERED that if the Plaintiff's attorney is

subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees or the EAJA fees awarded herein to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 24th day of October, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma